IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

_____

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | : |
| | : |
| **Plaintiff,** | : |
| | : |
| v. | : CASE NUMBER: 2:23-CV-4950 |
| | : |
| RECYCLING PAPER PARTNERS OF | : |
| PENNSYLVANIA, HUATAI USA, PAPER | : |
| SALES USA, ECHO STAR FIBERS, LLC, | : |
| STUART RICHARD POLSKY, DEBRA F. | : |
| POLSKY, SCOTT W. POLSKY, AND EVA | : |
| CHUN, | : |
| | : |
| | : |
| **Defendants.** | : |

_____

**COMPLAINT**

The United States of America, on behalf of and for its agency Export-Import Bank of the United States ("EXIM Bank"), files this Complaint against defendants: (1) Recycling Paper Partners of Pennsylvania ("RPPP"); (2) Huatai USA, LLC ("Huatai"); (3) Paper Sales USA, Inc. ("Paper Sales"); (4) Echo Star Fibers, LLC ("Echo Star"); (5) Stuart Richard Polsky; (6) Debra F. Polsky; (7) Scott W. Polsky; and (8) Eva Chun, to recover money the defendants owe to EXIM Bank and have failed to pay.

1.      EXIM Bank brings claims against the defendants in their respective capacities as borrowers and guarantors of a loan made by HSBC Bank USA, N.A. ("HSBC").

2.      HSBC made the loan to defendants RPPP, Huatai, Paper Sales, and Echo Star (collectively referred to as "Borrower Defendants").

3.      EXIM Bank guaranteed HSBC's loan from HSBC to Borrower Defendants.

4.      Borrower Defendants' owners, defendants Stuart Richard Polsky, Debra F. Polsky, Scott W. Polsky, and Eva Chun (referred to collectively as "Guarantee Defendants"), personally guaranteed to repay HSBC's loan in the event of Borrower Defendants' default.

5.      Defendants defaulted on the loan and refused to satisfy their loan guarantee obligations, thereby damaging EXIM Bank in the amount of more than $1,800,000.00.

## PARTIES

6.      Plaintiff EXIM Bank is an independent federal agency of the United States, with headquarters located at 811 Vermont Avenue, NW, Washington, D.C.

7.      EXIM Bank is the export credit agency of the United States, established by Congress in 1945, with the primary goal of supporting employment in the United States by supporting and facilitating United States exports.

8.      EXIM Bank provides trade financing services such as export credit insurance and guarantees of commercial loans to both United States exporters and foreign buyers to facilitate the export of United States goods and services.

9.      Defendant Stuart Richard Polsky is an adult believed to reside at 10220 Blue Heron Point, West Palm Beach, Florida, 33412.

10.     Defendant Debra F. Polsky is an adult believed to reside at 10220 Blue Heron Point, West Palm Beach, Florida, 33412.

11.     Defendant Scott W. Polsky is an adult believed to reside at 116 Sawgrass Drive, Blue Bell, Pennsylvania, 19422.

2

12.     Defendant Eva Chun is an adult believed to reside at 380 Township Line Road, Blue Bell, Pennsylvania, 19422.

13.     Defendant RPPP was at all relevant times an exporter of recycled wastepaper, mostly to China and India. RPPP maintained offices at 300 Barr Harbor Drive, Suite 230, West Conshohocken, Pennsylvania, 19428.

14.     Defendant RPPP is owned by defendants Stuart Richard Polsky and Debra F. Polsky (together 35 percent), defendant Scott Polsky (30 percent), and defendant Eva Chun (35 percent).

15.     Defendant Huatai was at all relevant times engaged in the sale, purchase, exporting and processing of recycled paper. It has offices located at 300 Barr Harbor Drive, Suite 230, West Conshohocken, Pennsylvania, 19428.

16.     Defendant Huatai is owned by defendants Stuart Richard Polsky and Debra F. Polsky (together 35 percent), defendant Scott Polsky (30 percent), and defendant Eva Chun (35 percent).

17.     Defendant Paper Sales was at all relevant times engaged in the collection, sale, distribution, and processing of waste and recycled paper. It has offices located at 300 Barr Harbor Drive, Suite 230, West Conshohocken, Pennsylvania, 19428.

18.     Defendant Paper Sales is owned by defendant Stuart Richard Polsky (33.34 percent), defendant Scott Polsky (33.33 percent), and defendant Eva Chun (33.33 percent).

19.     Defendant Echo Star was at all relevant times engaged in the export of waste and recycled paper to international markets. It has offices located at 300 Barr Harbor Drive, Suite 230, West Conshohocken, Pennsylvania, 19428.

20.     Defendant Echo Star is owned by defendant Stuart Richard Polsky (33.34 percent), defendant Scott Polsky (33.33 percent), and defendant Eva Chun (33.33 percent).

## JURISDICTION AND VENUE

21.     The United States District Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, 1345, and 12 U.S.C. § 635.

22.     Venue is appropriate in the Eastern District of Pennsylvania pursuant to 28 U.S.C. §§ 1391(b)(1), (c)(2).

## FACTUAL ALLEGATIONS

23.     EXIM Bank accomplishes its mission through a variety of programs, including loans, guarantees, insurance, and credits.

24.     One such program is the Working Capital Guarantee Program ("WCGP"), which guarantees domestic working capital financing for United States exporters. Under WCGP, private lending banks loan money to exporters and EXIM Bank guarantees the loans.

25.     On March 20, 2019, EXIM Bank entered into a Master Guarantee Agreement ("MGA") with HSBC, which provided that EXIM Bank would guarantee the payment of a certain percentage of each loan extended by HSBC to eligible borrowers in accordance with the terms and conditions of the MGA (the "EXIM Bank Guarantee").

26.     On August 22, 2018, HSBC agreed to lend $2,000,000 — a revolving line of credit — to defendants RPPP, Huatai, and Paper Sales (the "Loan"). The parties to the Loan memorialized the Loan's terms in a "Loan and Security Agreement," a copy of which is attached hereto as Exhibit A.

27.    EXIM Bank guaranteed the Loan. The parties memorialized the borrowers'
obligations under the EXIM Bank loan guarantee program in an Export-Import Bank of
the United States Working Capital Guarantee Program Borrower Agreement ("Borrower
Agreement"), a copy of which is attached hereto as Exhibit B.

28.    The Borrower Agreement includes a Consent of Guarantors statement
executed by each Guarantee Defendant. In the Consent of Guarantors document, each
Guarantee Defendant agreed that their guarantee obligations could be assigned to the
EXIM Bank.

29.    On September 30, 2019, HSBC, defendants RPPP, Huatai, and Paper
Sales, agreed to amend the Loan by: (a) increasing the revolving credit facility in an
aggregate principal amount up to $2,500,000, (b) extending the maturity date of the
Loan to September 30, 2020, and (c) adding Echo Star as a co-borrower.

30.    The amended loan terms were memorialized in a document titled
Amended and Restated Revolving Note, dated September 30, 2019 (the "Amended
Loan"), a copy of which is attached hereto as Exhibit C.

31.    On September 30, 2019, HSBC and Guarantee Defendants entered into an
Amendment and Ratification of Guaranty agreement, a copy of which is attached as
Exhibit D.

32.    In the Amendment and Ratification of Guaranty, Guarantee Defendants
represented that collectively they are the record and beneficial owners of all the issued
and outstanding stock or ownership interests of each Borrower Defendant.

33.    Guarantee Defendants ratified that the terms of the original Guarantee
Agreement applied to the Amended Loan.

34.     In February 2020, HSBC informed EXIM Bank that RPPP experienced a sharp decline in sales.

35.     On February 11, 2020, HSBC informed EXIM Bank that RPPP planned to enter into an agreement with Ricova, a Canadian entity, by which Ricova would purchase RPPP.

36.     If Ricova purchased RPPP, the Amended Loan would no longer be eligible for the EXIM Bank Working Capital Guarantee Program.

37.     RPPP requested of HSBC that HSBC allow the Amended Loan to be paid off through regular self-liquidation and collection of accounts receivable.

38.     EXIM Bank did not consent to RPPP's request to pay off the loan through regular self-liquidation and collection of accounts receivable, or to RPPP's sale to Ricova.

39.     In April 2020, HSBC became aware that the outstanding amount due under the Amended Loan exceeded the collateral position of assets of Borrower Defendants.

40.     As of April 13, 2020, Borrower Defendants were in default of their obligations under the Amended Loan.

41.     During the same time period, RPPP ceased operations and defendant Stuart Polsky and defendant Scott Polsky created a new entity — Recycled Paper International — in which each had a 50 percent interest.

42.     Defendant Stuart Polsky and defendant Scott Polsky continued to engage in the business of buying and selling wastepaper through their new entity Recycled Paper International and using as a trade name Huatai Enterprises.

43.     From May 19, 2020, through December 21, 2020, at the direction and under the authority of defendant Stuart Polsky and/or defendant Scott Polsky, RPPP and affiliated companies transferred more than $1,500,000 from RPPP to Recycled Paper International, the new entity created and owned by defendant Stuart Polsky and defendant Scott Polsky.

44.     On August 21, 2020, HSBC filed a claim with EXIM Bank pursuant to the terms of the MGA.

45.     On November 20, 2020, EXIM Bank paid HSBC $1,635,847.08, which amount represented ninety percent (90%) of the entire past due principal and interest payments plus unreimbursed legal expenses in accordance with the terms of the EXIM Bank Guarantee.

46.     On October 30, 2020, HSBC assigned to EXIM Bank all of its rights, title and interests under the Amended Loan, including all guarantees.

47.     On November 30, 2020, EXIM Bank demanded from Borrower Defendants the outstanding amount due under the Amended Loan.

48.     Borrower Defendants have not satisfied their obligations under the Amended Loan.

49.     On November 30, 2020, EXIM Bank demanded from Guarantee Defendants the outstanding amount due under the Amended Loan.

50.     Guarantee Defendants have not satisfied their obligations under the Amended Loan Agreement.

51.     Defendants have not paid the amount owed under the Amended Loan.

52.     On February 23, 2022, Stuart Polsky testified at a deposition that he believes that he, defendant Scott Polsky, and defendant Chun, owe EXIM Bank money under the guaranty agreements.

53.     The Defendants are indebted to EXIM Bank in the amount of $1,788,843.18 in principal and $461,160.51 in contractual interest (which is continuing to accrue), plus unreimbursed legal fees of $10,263.76, for a total of $2,260,267.45.

**COUNT I: BREACH OF CONTRACT**
**(against defendants Recycling Paper Partners of Pennsylvania, Huatai USA, Paper Sales USA, and Echo Star Fibers, LLC)**

54.     EXIM Bank incorporates by reference the foregoing allegations as if restated in full.

55.     As provided under the terms of the Amended Loan, HSBC extended to Borrower Defendants credit up to $2.5 million.

56.     HSBC assigned to EXIM Bank all of its rights in the Amended Loan, thereby transferring any enforceable rights to collect on the Amended Loan solely to EXIM Bank.

57.     EXIM Bank requested and attempted to collect payment from Borrower Defendants related to the outstanding obligations accruing under the terms of the Amended Loan.

58.     Borrower Defendants have breached the terms of the Amended Loan by and through their failure to repay outstanding obligations as set forth under said terms of the Amended Loan.

59.     As a result of Borrower Defendants' nonperformance, EXIM Bank has been damaged.

WHEREFORE, EXIM Bank respectfully requests that the Court enter judgment in favor of EXIM Bank and against RPPP, Huatai, Paper Sales, and Echo Star to recover the amount owing of the principal sum of the Amended Loan, plus accrued interest in accordance with the terms of the Amended Loan through the date of judgment.

### COUNT II: ENFORCMENT UNDER GUARANTEES
### (against defendants Stuart Richard Polsky, Debra F. Polsky, Scott W. Polsky and Eva Chun)

60.     EXIM Bank incorporates by reference the foregoing allegations as if restated in full.

61.     The Amended Loan is an enforceable contract between HSBC and the Defendants, and at no time was HSBC in breach of the terms of the Amended Loan.

62.     HSBC assigned to EXIM Bank all of its rights, title and interest in the Amended Loan, thereby transferring any enforceable rights to collect on the Amended Loan solely to EXIM Bank.

63.     The Amended Loan expressly incorporates by reference the guarantees executed by Guarantee Defendants, and together with the Amended Guarantee, the Amended Loan and the Amended Guarantee contain absolute, unconditional, and irrevocable guarantees, which make Guarantee Defendants jointly and severally liable for the full amount of outstanding principal and interest owed by Borrower Defendants under the Amended Loan.

64.     Borrower Defendants have failed to make payment due to HSBC for the amount due under the Amended Loan.

65.     EXIM Bank demanded from Guarantee Defendants payment of all outstanding principal and interest owed to HSBC under the terms of the Amended Loan and the Amended Guarantee.

66.     Guarantee Defendants have defaulted on their obligations under the Amended Guarantee.

67.     As a result of Guarantee Defendants' nonperformance, EXIM Bank has been damaged.

WHEREFORE, EXIM Bank respectfully requests that the Court enter judgment in favor of EXIM Bank and against Stuart Richard Polsky, Debra F. Polsky, Scott W. Polsky, and Eva Chun to recover the amount owing of the principal sum of the Amended Loan, plus accrued interest, and legal fees in accordance with the terms of the Amended Loan through the date of judgment.

Respectfully submitted,

JACQUELINE C. ROMERO
United States Attorney

/s/ Gregory B. David
GREGORY B. DAVID
Assistant United States Attorney
Chief, Civil Division

/s/ Joel M. Sweet
JOEL M. SWEET
ANDREW R. FUCHS
Assistant United States Attorneys
United States Attorney's Office
Eastern District of Pennsylvania
615 Chestnut Street, Suite 1250
Philadelphia, PA 19106
Phone: 215-861-8581/8350
Joel.Sweet@usdoj.gov
Andrew.Fuchs@usdoj.gov

DATED: December 14, 2023